UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESTER PAUL IRVING,
                        Plaintiff,

v.

MICHAEL PHILLIPS, Field Office Director for Detention and Removal, Bureau of Immigration and Customs Enforcement; TODD TRYON, Facility Director, Buffalo Federal Detention Facility, and CHERYL KRAFT, R.N. at Buffalo Federal Detention Facility,

                        Defendants.

Case # 15-CV-6413-FPG

DECISION AND ORDER

Before the Court are two motions. First, Plaintiff Lester Paul Irving, an inmate at Buffalo Federal Detention Facility proceeding *pro se*, has written a letter to the court seeking leave of court to amend his Complaint. ECF No. 13. Second, Defendants Michael Phillips and Todd Tryon have filed a motion to dismiss the Complaint that "alternatively" seeks summary judgment. ECF No. 16.

First, as for Plaintiff's motion for leave to amend the Complaint, Plaintiff did not attach a proposed amended complaint to his motion. ECF No. 13. Accordingly, the Court cannot review the merits of his request for leave to amend, and his motion is denied without prejudice. *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010); *Allison v. Clos-ette Too, LLC*, No. 14-CV-1618, 2014 WL 4996358, at *2 (S.D.N.Y. Sept. 15, 2014) *report and recommendation adopted sub nom. Ellison v. Clos-ette Too, LLC*, No. 14-CV-1618, 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014) ("Any motion to amend should be accompanied by a proposed amended complaint. While failure to include the proposed amendment is not necessarily fatal to the motion, the court may deny leave when it is unclear what changes are proposed.") (citations omitted). The Court will give Plaintiff the opportunity to file a new motion seeking leave to amend the Complaint *that*

*includes his proposed amended complaint.* Plaintiff has 30 days from the date of this Order to file this renewed motion for leave to amend that, again, attaches his proposed amended complaint. Plaintiff is advised that his amended complaint should *completely replace* the current Complaint in this action. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). In other words, Plaintiff should not simply file an additional "last claim," as he references in his letter, that must be read along with the current Complaint. ECF No. 13.

Second, Defendants Phillips and Tryon have filed a motion to dismiss the Complaint that "alternatively" seeks summary judgment. That motion will be held in abeyance pending the end of the 30-day period discussed above. If Plaintiff chooses to amend his Complaint in the 30-day period, the current Complaint will be rendered of no legal effect and Defendants' pending motion will, of course, be denied. Defendants will, at that point, be given a chance to renew their motion to dismiss.

In the event that Defendants are in a position to renew their motion to dismiss, the Court makes a brief observation about the pending motion: It is confusing to both the Court and, undoubtedly, the *pro se* litigant. A broad description of the memorandum of law in support of the motion illustrates why this is so. Defendants' memorandum is entitled a "Memorandum of Law in Support of Motion to Dismiss." In the legal section, it then contains legal standards for both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. In the subsequent argumentative section, it gives alternative reasons for why Plaintiff both fails to state a claim against Defendants and why summary judgment should be granted in favor of Defendants. The summary judgment portions reference exhibits outside of the Complaint; the Rule 12(b)(6) motion to dismiss portions, of course, do not. Per the *Irby* Notice, Plaintiff is thus expected to

respond to certain portions of the memorandum with his own exhibits outside of the Complaint; in other portions, he is not at all allowed to reference exhibits outside of the Complaint. The memorandum—which is again called a "Memorandum of Law in Support of Motion to Dismiss"—concludes with the following: "For the foregoing reasons, Phillips and Tryon's motion for summary judgment should be granted."

The impropriety of this type of alternative motion should be self-evident, and Defendants are advised to keep this impropriety in mind should they have to renew their motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the Complaint (ECF No. 13) is DENIED WITHOUT PREJUDICE. Plaintiff has 30 days from the date of this Order to file a new motion seeking leave to amend the Complaint that includes his proposed amended complaint. Plaintiff is advised that an amended complaint is intended to completely replace the current Complaint. Defendants' motion to dismiss the Complaint that "alternatively" functions as a motion for summary judgment (ECF No. 16) is held in abeyance pending the end of the 30-day period referenced above.

IT IS SO ORDERED.

DATED:   January 26, 2016
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Judge