UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LESTER PAUL IRVING,

                          Plaintiff,

                                                               Case # 15-CV-6413-FPG

v.

                                                                 DECISION AND ORDER

MICHAEL PHILIPS, TODD TRYON,
& CHERYL KRAFT,

                        Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Lester Paul Irving ("Plaintiff") brings this action against Michael Philips, Bureau of Immigration and Customs Field Officer Director for Detention and Removal, Todd Tryon, Buffalo Federal Detention Facility ("BFDF") Director, and Cheryl Kraft, a nurse at the BFDF. ECF No. 5. Plaintiff alleges that on May 11, 2015, he ruptured his Achilles tendon while playing basketball at the BFDF. *Id.* at 2. Plaintiff asserts that Defendants Philips and Tryon acted with deliberate indifference because they "knew and/or should have known" that the condition of the basketball court was unsafe and was causing injuries to detainees. *Id.* at 2. Plaintiff also alleges that Defendant Kraft was deliberately indifferent to his medical needs after he injured his Achilles tendon. *Id.* at 3.

On January 14, 2016, Defendants Philips and Tryon filed a Motion to Dismiss that alternatively requested that the Court grant summary judgment. ECF No. 16. On February 19, 2016, Defendants Philips and Tryon moved to withdraw their motion (ECF No. 24), and the Court granted that relief via text order on May 25, 2016 (ECF No. 27). That same day, Defendants Philips and Tryon filed an Answer (ECF No. 28) to Plaintiff's Amended Complaint

and simultaneously moved for summary judgment (ECF Nos. 29-34). On June 3, 2016, Plaintiff responded in opposition and moved to appoint counsel. ECF No. 36. Plaintiff has also filed two motions for preliminary injunctions wherein he requests that he not be deported from the United States while this action is pending. ECF Nos. 37, 41.

## DISCUSSION

### I. Motion for Summary Judgment

Immediately after answering Plaintiff's Amended Complaint, Defendants Philips and Tryon moved for summary judgment. ECF Nos. 28-34. Although a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), summary judgment is generally not appropriate until after some discovery has occurred. *Nelson v. Deming*, No. 6:13-CV-06252 EAW, 2015 WL 6452386, at *5 (W.D.N.Y. Sept. 30, 2015). In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the Supreme Court explained that the purpose of summary judgment is to allow for the disposition of a case "after adequate time for discovery" has elapsed. *Id.* Indeed, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

In those rare cases where summary judgment is appropriate even though no discovery has occurred, it is evident from the face of the complaint that discovery would be futile. *See Nelson*, 2015 WL 6452386, at *5 (addressing defendants' pre-discovery motion for summary judgment because "[t]he facts contained in the attachments to [p]laintiff's own complaint contradict his claim for deliberate medical indifference"); *Parra v. Wright*, No. 11-CV-6270 CJS, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (denying the bulk of defendants' motion for summary judgment because no discovery had taken place, but addressing an argument regarding plaintiff's

failure to exhaust administrative remedies because "the facts regarding [p]laintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome of that portion of the application").

Here, Defendants Philips and Tryon's summary judgment motion was filed before any discovery occurred. ECF Nos. 29-34. In the motion, Defendants do not explain why or argue that this is one of "the rarest of cases" where summary judgment may be granted prior to discovery. *Hellstrom*, 201 F.3d at 97. On the contrary, Defendants' motion simply argues their version of the facts, and it "appears to be an attempt to nullify the well-pleaded factual allegations in Plaintiff's Complaint after conducting one-sided discovery." *Fowler v. Fischer*, No. 13-CV-6546-FPG, 2016 U.S. Dist. LEXIS 16278, at *4 (W.D.N.Y. Feb. 10, 2016). In opposition, Plaintiff argues that the Court should refrain from deciding the summary judgment motion because he is entitled to "ample time to complete discovery." ECF No. 36, at 7. In reply, Defendants Philips and Tryon contend that Plaintiff's argument fails because he did not set forth the required elements of a motion to defer summary judgment pursuant to Federal Rule of Civil Procedure 56(d). ECF No. 42, at 3-4; *see* Fed. R. Civ. P. 56(d) (stating that the court may defer consideration of a summary judgment motion if the non-movant shows by affidavit or declaration that he or she cannot present facts essential to justify its opposition). As explained above, however, Defendants Philips and Tryon's Motion for Summary Judgment is simply too early as no discovery has occurred in this case.

Accordingly, because Defendants Philips and Tryon's motion relies on their version of the facts and improperly seeks summary judgment before discovery, it is DENIED WITHOUT PREJUDICE.[1]  *Faust v. Jun*, No. 6:14-CV-6702, 2016 U.S. Dist. LEXIS 15444, at *4

---

[1] It is important to note that while the Court has discretion to allow Defendants Philips and Tryon a second bite at the apple, it is not obligated to do so. *Robinson v. Henschel*, No. 10 CIV. 6212 PGG, 2014 WL 1257287, at

(W.D.N.Y. Feb. 9, 2016); *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment.") (citing *Celotex*, 477 U.S. at 326) (quotations in original).

## II.     Motion to Appoint Counsel

In his opposition papers, Plaintiff requests that the Court appoint counsel because he would "encounter great difficulty in presenting this civil case alone" and would be unable "to effectively pursue discovery" and "adequately present his claims." ECF No. 36, at 12-14.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

---

\*9 (S.D.N.Y. Mar. 26, 2014) (denying defendants' successive motion for summary judgment on exhaustion grounds as "procedurally improper"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004); *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 (S.D. Ala. 2011) (noting that "no federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment" and emphasizing the importance of not allowing parties to "treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement—at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources").

After considering these factors, the Court finds that the appointment of counsel is not warranted. The deliberate indifference claims in this case arise from a single incident and are not complex. Plaintiff's submissions are well written, and he appears articulate and able to adequately present his own claims. Additionally, there are no special reasons that would favor the appointment of counsel at this time. Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 36) is DENIED WITHOUT PREJUDICE. It is Plaintiff's responsibility to either retain counsel or to continue with this action *pro se*.

### III. Motions for Preliminary Injunctions

Plaintiff has filed two Motions for Preliminary Injunctions (ECF Nos. 37, 41) wherein he requests that he not be deported from the United States while this action is pending. ECF Nos. 37, 41. The Court takes judicial notice, however, of documents filed in Plaintiff's Habeas Corpus matter before District Judge Lawrence J. Vilardo, which demonstrate that Plaintiff was the subject of a Warrant of Removal/Deportation and was removed from the United States by the Department of Homeland Security on June 30, 2016. *See* Docket No. 15-CV-824-LJV, ECF No. 19. As a result of his Removal/Deportation, Plaintiff is not legally permitted to be present in the United States and currently resides in Jamaica. Thus, Plaintiff's motions to prevent his imminent deportation are moot since he has already been deported. *See Lynch v. I.N.S.*, No. 92 Civ. 7436(JSM), 1993 WL 37509, at *2 (S.D.N.Y. Feb. 10, 1993).

On July 22, 2016, the Clerk of Court received a letter from Plaintiff indicating that he was removed from the country to Jamaica. ECF No. 44. In that letter, Plaintiff requests that Derrick F. Irving be "authorized . . . to act on [his] behalf as Plaintiff." *Id.* at 1. As far as the Court is aware, Derrick F. Irving is not an attorney and therefore he may not act on Plaintiff's behalf in this case. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not

5

been admitted to the practice of law may not represent anybody other than himself . . . This rule exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing attorneys.") (citations and internal quotation marks omitted).

Ultimately, Plaintiff will be required to physically appear before the Court for any potential trial so he can present his claims and provide testimony in support of his claims. If he failed to appear at such a trial, the action would have to be dismissed even if Plaintiff's non-appearance was the result of his deportation. Further, since Plaintiff has been deported or removed from the United States, if he were to re-enter the United States without the prior express written permission of the United States Attorney General, Plaintiff would be committing a felony offense under United States law. *See* 8 U.S.C. § 1326(a). As such, due to his deportation, it appears unlikely that Plaintiff could ever appear before the Court to present his claims.

However, the Court is mindful that re-entry of a previously deported alien can be permitted, if "the Attorney General has expressly consented to such alien's reapplying for admission." *See* 8 U.S.C. § 1326(a)(2). Under this statute, a procedure exists for a deported alien such as Plaintiff to be lawfully readmitted to the United States, and the discretion to grant such re-entry is committed to the Executive Branch. Because the law affords Plaintiff a means of obtaining lawful re-entry into the United States to appear in person for a trial of this case, the Court will provide Plaintiff with the opportunity to obtain such lawful re-admission to the United States before dismissing his case.

Accordingly, Plaintiff is ORDERED to file with the Court a copy of the written consent of the United States Attorney General or her designee for Plaintiff to reapply for admission into the United States. If a copy of such written consent is not filed on or before April 14, 2017, this

action will be dismissed for Plaintiff's inability to prosecute this case. *See, e.g., Kuar v. Mawn*, No. 08-CV-4401 JFB ETB, 2012 WL 3808620, at *6 (E.D.N.Y. Sept. 4, 2012) ("The Court concludes that, where there is no reasonable possibility that a *pro se* plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation.").

## CONCLUSION

For the reasons stated, Defendant Philips and Tryon's Motion for Summary Judgment (ECF Nos. 29-34) is DENIED WITHOUT PREJUDICE, Plaintiff's Motion to Appoint Counsel (ECF No. 36) is DENIED WITHOUT PREJUDICE, and Plaintiff's Motions for Preliminary Injunctions (ECF Nos. 37, 41) are DENIED AS MOOT.

Further, Plaintiff is ORDERED to file with the Court a copy of the written consent of the United States Attorney General or her designee for Plaintiff to reapply for admission into the United States.  If a copy of such written consent is not filed on or before April 14, 2017, this action will be dismissed for Plaintiff's inability to prosecute this case.

IT IS SO ORDERED.

Dated: January 10, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court