UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESTER PAUL IRVING,

                         Plaintiff,

Case # 15-CV-6413-FPG

v.

DECISION AND ORDER

MICHAEL PHILIPS, et al.,

                         Defendants.

By Decision and Order dated January 10, 2017, the Court notified *pro se* Plaintiff Lester Paul Irving ("Plaintiff") that it was taking judicial notice of a separate action in this district that demonstrated that the Department of Homeland Security removed Plaintiff from the United States on June 30, 2016. ECF No. 45. Thus, as a result of his removal/deportation, Plaintiff is not legally permitted to be present in the United States and currently resides in Jamaica.

As noted in the January 10, 2017 Order, if this action proceeded Plaintiff would have to physically appear before the Court for any potential trial to present his claims and to testify in support of his claims. If he failed to appear, the action would have to be dismissed even if Plaintiff's non-appearance was the result of his deportation. Further, since Plaintiff has been deported or removed from the United States, if he re-entered the United States without the prior express written permission of the United States Attorney General, Plaintiff would be committing a felony offense. *See* 8 U.S.C. § 1326(a). Thus, due to his deportation, the Court noted that it was unlikely that Plaintiff could ever appear before it to present his claims.

However, the Court was mindful that re-entry of a previously deported alien could be permitted if "the Attorney General has expressly consented to such alien's reapplying for admission." *See* 8 U.S.C. § 1326(a)(2). Under this statute, a procedure exists for a deported alien to be lawfully readmitted to the United States and the Executive Branch has the discretion to grant re-entry. Because the law affords Plaintiff a way to potentially obtain lawful re-entry

into the United States to appear in person for a trial of this case, the Court allowed him the opportunity to obtain lawful re-admission to the United States before dismissing his case.

Specifically, the January 10, 2017 Order directed Plaintiff to file with the Court a copy of the written consent of the United States Attorney General or a designee for Plaintiff to reapply for admission into the United States. The Order warned Plaintiff that if this written consent was not filed on or before April 14, 2017, his case would be dismissed for his inability to prosecute.

The April 14, 2017 deadline has passed and Plaintiff has not communicated with the Court or filed any documents. Because Plaintiff failed to file the written consent of the United States Attorney General or a designee for him to reapply for admission into the United States, the Court concludes that Plaintiff cannot appear at any potential trial of this matter. Accordingly, this case is dismissed. *See, e.g., Kuar v. Mawn*, No. 08-CV-4401 JFB ETB, 2012 WL 3808620, at *6 (E.D.N.Y. Sept. 4, 2012) ("The Court concludes that, where there is no reasonable possibility that a *pro se* plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation.").

## CONCLUSION

This case is DISMISSED WITH PREJUDICE for Plaintiff's inability to prosecute.

IT IS SO ORDERED.

Dated: May 1, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court